## HELEN GORMAN
### vs.
## CITY OF NEW HAVEN

Superior Court     New Haven County     File #46895

Present: Hon. JOHN A. CORNELL, Judge.

L. Sperandeo,                Attorney for the Plaintiff.

The Corporation Counsel,      Attorney for the Defendant.

**MEMORANDUM FILED DECEMBER 9, 1935.**

CORNELL, J. That the plaintiff sustained certain injuries on or about December 5, 1935, is apparent. That these were caused by such a violation of statutory duty on the part of the defendant as is alleged in the complaint is a fact, the burden of establishing which is, of course, essentially on the plaintiff.

Aside from the proof of other elements of liability, the plaintiff was required, first of all, to establish the existence of a defect in the sidewalk and, likewise, that that particular condition was the proximate cause of her alleged fall.

There is substantial agreement in the testimony of plaintiff's witnesses of the condition which is claimed to have constituted a defect, its location, size, form, depth and other characteristics. All of these witnesses, however, are clearly connected by ties of friendship to the plaintiff and one by bonds of matrimony with her, recently acquired, but not divulged to the court until brought to its attention by plaintiff's counsel who, too, was not aware of the circumstance until after plaintiff and her now husband had testified.

Although the section where the defect allegedly existed is a well populated one, and the sidewalk at the point, quite likely traversed by numerous pedestrians, no disinterested witness has appeared to support plaintiff's claims as respects the existence or location of the alleged defect.

The plaintiff's testimony on this essential point is disputed by evidence on the part of the defendant of very definite and convincing character, credence to which is lent by other circumstances which appear in the evidence.

Under such circumstances it cannot be found that plaintiff has successfully sustained the burden of proof.

Judgment for defendant.